IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| M. ELIZABETH BRODERICK, 07018-112, MARIA JOANNA PIMENTEL, 02261-748, LAUREN OLIVIA TYLER, 14239-078, DONNA MARIE GOOSSENS, 21911-058, GLORIA MITCHELL, 36816-177, CAROLYN JOAN PATRICK, 10522-032, RACHEL LONG, 14243-078, ANGELA MARIE CHAVEZ, 82797-179, SUSAN WEEDON, 33915-051, DELIA MCCLINTOCK LUJAN, 13326-078, DEBRA HANDLEY, 35678-177, ROSE MARY PINO, 64863-004, LILY SCHMIDT, 31487-054, DEBRA SNODGRASS, 25528-001, BRENDA KAY BLOOMER, 09395-033, BIVIAN KATHRYN BRUMLEY, 32108-177, DOROTHY HENDERSON, 11898-097, BEVERLY MARTY, 05844-090, BARBARA ANN LAVIGNE, 58271-09,<br>        Plaintiffs,<br><br>v.<br><br>WARDEN ELAINE CHAPMAN, ET AL.,<br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:08-CV-1075-L<br><br>ECF |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge follow:

**Parties:** Plaintiffs are federal prisoners currently incarcerated in the Carswell Federal Medical Center in Fort Worth, Texas. They have filed this complaint pursuant to 42 U.S.C. § 1983, the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and the Foreign Sovereign Immunities Act, 28 U.S.C. § 1603.

**Discussion:** Plaintiffs claim Defendants violated their constitutional rights and trademark rights, as well as international law. Plaintiffs are incarcerated in Tarrant County,

Texas. Tarrant County is located in the Northern District of Texas, Fort Worth Division. *See* 28 U.S.C. § 124(a)(2).

Congress has recognized that substantial advantages may be gained by having the case resolved in the court located nearest the site of the underlying controversy. *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 497 (1973). The terms of 28 U.S.C. § 1404(a) provide that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A court may transfer a case upon a motion or *sua sponte*. *See* 28 U.S.C. § 1404 and § 1406. The court has broad discretion in deciding whether to order a transfer. *Caldwell v. Palmetto State Savings Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987); *accord Mills v. Beech Aircraft Corp., Inc.,* 886 F.2d 758, 761 (5th Cir. 1989).

Plaintiffs raise claims regarding their incarceration at the Carswell Federal Medical Center in Fort Worth, Texas. Fort Worth is located within the Fort Worth Division of the Northern District of Texas. The records and potential witnesses would be readily accessible there, making the Fort Worth Division of the Northern District of Texas a more convenient forum. *See Bell v. Watkins*, 692 F.2d 999, 1013 (5th Cir. 1982), *cert. denied sub nom., Bell v. Thigpen*, 464 U.S. 843 (1983). Transfer to the Fort Worth Division of the Northern District of Texas is appropriate in this case, and the Court recommends that this case be transferred.

**RECOMMENDATION:**

For the foregoing reasons, the Court recommends that this case be transferred to the Forth Worth Division of the Northern District of Texas.

Signed this 12th day of August, 2008.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on Petitioner. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).