IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| M. ELIZABETH BRODERICK, 07018-112, MARIA JOANNA PIMENTEL, 02261-748, LAUREN OLIVIA TYLER, 14239-078, DONNA MARIE GOOSSENS, 21911-058, GLORIA MITCHELL, 36816-177, CAROLYN JOAN PATRICK, 10522-032, RACHEL LONG, 14243-078, ANGELA MARIE CHAVEZ, 82797-179, SUSAN WEEDON, 33915-051, DELIA MCCLINTOCK LUJAN, 13326-078, DEBRA HANDLEY, 35678-177, ROSE MARY PINO, 64863-004, LILY SCHMIDT, 31487-054, DEBRA SNODGRASS, 25528-001, BRENDA KAY BLOOMER, 09395-033, BIVIAN KATHRYN BRUMLEY, 32108-177, DOROTHY HENDERSON, 11898-097, BEVERLY MARTY, 05844-090, BARBARA ANN LAVIGNE, 58271-09,<br>        Plaintiffs,<br><br>v.<br><br>WARDEN ELAINE CHAPMAN, ET AL.,<br>        Defendants.<br>v.<br><br>LAUREN OLIVIA TYLER, 14230-078, CHARLES KENTON FORD, 32107-177, COLETTE ELIZABETH BRADFORD, 1116-041, ROSE MARY CHERRY, 35621-180<br>        Movants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 3:08-CV-1075-L<br><br>ECF |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I. Parties:**

Plaintiffs and Movants are inmates at the Carswell Federal Medical Center ("Carswell

FMC") in Fort Worth, Texas. Defendants are Warden Elaine Chapman, Honorable John McBryde, Honorable Terry Means, Richard Roper, Richard Vance, Karen Mitchell, Michael Worley, Randy Ely, David Davidson, Paine Webber, and John Does 1-10.

## II. Statement of the Case:

Plaintiffs have filed a complaint, two amended complaints, a motion for temporary restraining order, numerous supplemental documents, and motions for injunctive relief, for appointment of counsel, for orders to show cause, for summons and for hearing. They argue: (1) they are unlawfully incarcerated because their respective courts of conviction lacked jurisdiction; (2) they are receiving inadequate medical care at Carswell FMC; (3) Carswell FMC is over-crowded and unsanitary; (4) the Marshall Service has caused them bodily harm; (5) they are unlawfully being forced to work; (6) Defendants have used their names for profit in violation of the Lanham Act; (7) they were denied counsel of their choice in their respective criminal cases; (8) Defendants have conspired to violate the RICO statute; (9) they were denied their rights to free speech; (10) they were denied the right to celebrate Passover and Redemption; (11) their continued detention violates international law; and (12) Defendants have violated their rights to due process. Plaintiffs seek injunctive and monetary relief. They also seek to certify this case as a class action.

Additionally, motions for joinder have been filed by Lauren Olivia Tyler, Charles Kenton Ford, Rose Mary Cherry, and Colette Elizabeth Bradford.[1] Plaintiffs and movants have not paid the $350 filing fee, nor have they filed motions to proceed *in forma pauperis*.

---

[1] Mary Elizabeth Schipke also filed a motion for joinder. The undersigned magistrate judge denied that motion by separate order.

**III. DISCUSSION**

Although Plaintiffs have brought their claims in a single complaint, the Court finds that each Plaintiff should be required to file a separate complaint asserting her individual claims. Separate cases are proper because of concerns regarding the possibility of inmate transfer, the need for each individual Plaintiff to represent herself with regard to her claims alleged in this case, the need for each plaintiff to sign the pleadings, the possibilities that documents may be changed as they are circulated, the possibilities of coercion by prisoners, or that prisoners may seek to compel prison authorities to permit them to gather to discuss joint litigation. *See Beaird, et al., v. Lappin, et al.*, No. 3:06-CV-967-L, (N.D. Tex. July 24, 2006) (dismissing multiple prisoner complaint without prejudice to each plaintiff filing separate complaint) (citations omitted).[2] Further, a review of the complaint, amended complaints and multiple motions shows that it is impossible to determine each Plaintiff's claims and against whom each Plaintiff raises each claim.

Additionally, Plaintiffs have failed to either pay the filing fee or file a motion to proceed *in forma pauperis*. Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), even where a prisoner is granted leave to proceed *in forma pauperis*, he must pay the full filing fee. *See* 28 U.S.C. § 1915(b). Further, prisoners who file a complaint jointly, must each pay the full filing fee. *See Beaird*, No. 3:06-CV-967-L at 6 (citing *Bouribone v. Berge*, 391 F.3d 852, 854-56 (7th

---

[2] In *Beaird*, the court noted a split in the Circuits as to whether it is permissible for prisoner-plaintiffs to proceed jointly in one action, or whether each plaintiff must file a separate action. *Compare Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001) (finding each prisoner must bring separate suits), *with Bouribone v. Berge*, 391 F.3d 852 (7th Cir. 2004) (finding multiple prisoner-plaintiffs may proceed together). The court determined the proper procedure was to require the prisoner-plaintiffs to file separate actions.

Cir. 2004) and *Hubbard v. Haley*, 262 F.3d 1194, 1196 (11th Cir. 2001)).

Accordingly, this complaint should be dismissed without prejudice and the clerk of court should be directed to open new civil actions for each of the named Plaintiffs. Each Plaintiff should be required to file a separate complaint asserting her individual claims and pay the $350 filing fee, or file a proper request to proceed *in forma pauperis*. Additionally, all pending motions should be denied without prejudice.

**RECOMMENDATION**

The Court recommends that this complaint be dismissed without prejudice and the clerk of court be directed to open new civil actions for each of the named Plaintiffs. Each Plaintiff should be required to file a separate complaint asserting her individual claims and pay the $350 filing fee, or file a proper request to proceed *in forma pauperis*. Additionally, all pending motions should be denied without prejudice.

Signed this 23rd day of September, 2008.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on Plaintiff by mailing a copy to him by United States Mail. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court. See Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).